# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CARL BROCK WALKER,** | ) | |
| Plaintiff, | ) ) ) | Case No. 7:20CV00443 |
| v. | ) ) ) | **OPINION** |
| **POCAHONTAS CORRECTIONAL CENTER,** | ) ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Carl Brock Walker, Pro Se Plaintiff.*

Carl Brock Walker, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he suffered harm after correctional officers failed to provide drinking water on the outside recreation yard. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Walker is confined at Pocahontas Correctional Center ("Pocahontas"). He alleges that on June 26, 2020, while lifting weights on the recreation yard, he became thirsty. He went to the water cooler, but no water was available. While he walked across the yard to get water in a nearby building, he passed out, fell, and damaged two of his teeth that later had to be removed. Walker alleges that unnamed officers negligently failed to make water available to inmates on the recreation yard, in violation of prison policy. As relief, Walker seeks monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). This rule also applies "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70 (citation omitted). Because Pocahontas is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983 either. Because Walker's § 1983 claim cannot proceed against the only defendant he has named, I will summarily dismiss the action without prejudice under § 1997e(c)(1) as legally frivolous.[1] Such a dismissal leaves Walker free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion.

---

[1] I also note that Walker has admitted on the face of the Complaint that he did not exhaust administrative remedies before filing this lawsuit, as required under 42

A separate Final Order will be entered herewith.

DATED:  November 13, 2020

/s/  JAMES P. JONES
United States District Judge

---

U.S.C. § 1997e(a).  According to Walker, he chose not to file prison grievance "[b]ecause [he] got injured [and] no Grievance would fix that."  Compl. 1, ECF No. 1.  The Supreme Court has held, however, that through § 1997e(a), "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, Walker's failure to exhaust administrative remedies provides an additional ground for dismissal of this action without prejudice.

Moreover, Walker does not allege facts showing that anyone purposely left him on the recreation yard without water; rather, his Complaint suggests that, at most, someone at Pocahontas negligently failed to refill the drinking water container on the recreation yard. Negligent actions by governmental officials fail to rise to the level of a violation of constitutional rights.  *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).  Similarly, even if the officers' actions or omissions violated prison regulations, such violations do not implicate Walker's constitutional rights.  *See Middleton v. Zych,* No. 7:12-cv-00266, 2012 WL 4742777, at * 2 n.7 (W.D. Va. Oct. 4, 2012), *aff'd*, 514 F. App'x 401 (4th Cir. 2013) ("[A] claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation."); *see also United States v. Caceres*, 440 U.S. 741, 751-52 (1979) (where a government agency is not constitutionally required to adopt certain regulations, a violation of those regulations, without more, does not "raise any constitutional questions").